# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

BRIAN MINION                                                               PLAINTIFF

v.                                              CIVIL ACTION NO. 4:19-CV-P8-JHM

DR. JOHN DOE *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Brian Minion's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

## I.

Plaintiff is a pretrial detainee currently incarcerated in the Henderson County Detention Center. He brings suit pursuant to 42 U.S.C. § 1983 regarding his prior incarceration in the Grayson County Detention Center (GCDC). As Defendants, he names Dr. John Doe and Nurse John Doe, GCDC healthcare providers, in their official capacities.

According to the complaint, Plaintiff was housed at GCDC from June 29, 2017, until May 2018. He claims as follows:

> I made a doctor appointment while I was at Marion County Jail "C.C.A." before I went to [GCDC] to get a STD check up. I got ship to Grayson County on the day of my appointment and I told the nurse's of my issue of lower back problems and blood in my under wear three weeks of me being there. they put me on antibiotic and said that I had a bacteria infection. My issue occur the same way multiple time same issue blood in my urine and lower back pain and they perscribe me more antibiotic again. In May of 2018 I got sent to Lexington Federal Prison. Dr Adams did blood work on me and said I had a STD. then 6 weeks later I suffer Bell Palsy. from a infection I had for a year. that the Doctor & nurse's never cure me from, Dr. Adam at Lexington had to give me 2,000 mg of antibiotic to cure me and I never seen blood in my urine or had lower back pain again. doctor at [GCDC] never notice it was a issue of me having the same medical issue of the same problem to go deeper

>       to see why I'm having the same infections thinking that I was having sexual
>       activity in the facility instead looking deeper into the problem. medical issue.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues Defendants Dr. and Nurse John Does, whom he identifies as working at GCDC, in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Therefore, to the extent Defendants are employees of GCDC, the official-capacity claims against them are actually against their employer, Grayson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, like Grayson County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional

violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff has not alleged the existence of any policy or custom that caused any deprivation of his constitutional rights. Thus, the claims against Defendants GCDC Dr. and Nurse John Does[1] will be dismissed for failure to state a claim upon which relief will be granted.

---

[1] To the extent that Defendants may be employed by a private entity contracting with GCDC to provide medical services to GCDC inmates, the official-capacity claims against them are against the private entity for which they work. *See, e.g.*, *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 WL 530841, at *5 (W.D. Ky. Feb. 11, 2013). Because the same municipal-liability analysis applies to § 1983 claims against such a private entity, *see Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996), Plaintiff would still fail to state a claim upon which relief may be granted against Defendants in their official capacities.

Even if Plaintiff had sued Defendants in their individual capacities, he still would fail to state a claim upon which relief may be granted. In the context of a § 1983 claim for inadequate medical care, prison personnel violate a prisoner's civil rights under the Eighth Amendment[2] if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). However, not every claim of inadequate medical treatment states an Eighth Amendment violation. *Id.* at 105. "A plaintiff alleging deliberate indifference must show more than negligence or misdiagnosis of an ailment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Plaintiff fails to allege any action or inaction by Defendants that rises to the level of a constitutional magnitude. Indeed, Plaintiff alleges that he received rounds of antibiotics for his medical complaints. "We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* For these reasons, the Court concludes that Plaintiff fails to state a constitutional claim of deliberate indifference to a serious medical need and will dismiss this claim.

---

[2] The Court clarifies that the Fourteenth Amendment applies because Plaintiff is a pretrial detainee, not a convicted prisoner to which the Eighth Amendment applies. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010).

The Court will dismiss this action by separate Order.

Date: July 2, 2019

*Joseph H. McKinley Jr.*, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.005